UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MVW HOLDINGS, INC.**, an Illinois corporation,<br><br>*Plaintiff,*<br>v.<br><br>**BRAVE TOYS PTY. LTD.**, an Australian company,<br><br>*Defendant.* | Case No. 26-cv-10330<br>Honorable |

## COMPLAINT AND JURY DEMAND

Plaintiff MVW Holdings, Inc. ("MVW" or "Plaintiff"), d/b/a MAGNA-TILES®, by and through its attorneys, brings this Complaint against Defendant Brave Toys PTY. LTD., d/b/a CONNETIX ("Brave Toys" or "Defendant"), as follows:

## NATURE OF THE SUIT

1. Defendant has illegally enriched itself at MVW's expense by engaging in unfair competition and deceptive practices, including infringement of MVW's trade dress. Accordingly, MVW brings this action for injunctive relief and damages arising from Defendant's unlawful acts of trade dress infringement and unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125(a), related claims of trade dress infringement and unfair competition under Illinois statutory and common law, and trade dress infringement, in violation of the Lanham Act, 15 U.S.C. § 1114.

## PARTIES

2. MVW is an Illinois corporation having its principal place of business at 101 E. Crossroads, Pkwy, Unit C, Bolingbrook, IL 60440.

3. Upon information and belief, Brave Toys is an Australian company with its

principal place of business at Unit 3, 9 Malland Street, Myaree, Western Australia 6154, Australia. Brave Toys does business in Illinois, directly and through intermediaries, and offers its magnetic tile toys under the CONNETIX® brand to customers and potential customers in Illinois, including in this Judicial District.

**JURISDICTION AND VENUE**

4. This Action arises under federal statute, 15 U.S.C. §§ 1114 and 1125(a), the Lanham Act. This Court has exclusive subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), as federal questions are presented. This Court has subject matter jurisdiction over the related state law claims under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Brave Toys consistent with the Due Process Clause of the United States Constitution and the Illinois Long-Arm Statute. Upon information and belief, Brave Toys has sufficient minimum contacts with this forum because it transacts substantial business in the State of Illinois and in this Judicial District, and has committed acts of trade dress infringement and unfair competition in the State of Illinois and in this Judicial District. Upon information and belief, Brave Toys sells the Infringing Products to consumers in Illinois and in this Judicial District through Target retail stores located in Illinois, through the Amazon online marketplace, and through its own website at connetixtiles.com, each of which serves or ships to consumers in this District.

6. Brave Toys has sold, offered to sell, imported, and distributed products bearing the infringing packaging into this jurisdiction.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391, including § 1391(c)(3), because Brave Toys is a foreign entity not resident in the United States and therefore may be sued in any judicial district, including the Northern District of Illinois. Venue is also proper because

Brave Toys is subject to personal jurisdiction in this district and has committed acts of infringement in this Judicial District.

## BACKGROUND

8. MVW, and/or its predecessor in interest (also referred to collectively as "MVW"), was founded in 1997.

9. MVW is a leading manufacturer and supplier of children's magnetic toy sets and a well renown developer of child educational toys worldwide, examples of which are shown below:







10. MVW offers its goods directly to consumers, educators, and retailers, as well as wholesale distributors around the world.

11. MVW is the owner of numerous federal trademark registrations with the United States Patent and Trademark Office used in connection with these goods, including, but not limited to, the following which are referred to as the "MVW Trademarks":

- **MAGNA-TILES** (Reg. No. 2654320) in Class 28 for "[m]anipulative toys, namely, blocks and puzzles**;**
- **MAGNA-TILES** (Reg. No. 5622354) in Class 28 for "[t]oy building blocks; [t]oy construction blocks; [c]onstruction toys incorporating magnets;"
- **MAGNA-TILES** (Reg. No. 6247284) in Class 28 for "[c]ases for toy building



4906-9565-3322, v. 5

> blocks; [c]ases for toy construction blocks; [c]ases for toy construction tiles and blocks incorporating magnets;"

12. MVW has used its MVW Trademarks in commerce for nearly three decades.

13. MVW sells its magnetic toy sets in packaging with a distinctive overall appearance. That appearance consists of the following combination of elements, taken together as a whole: (1) a solid-colored vertical band running down the right side of the packaging; (2) a white background; (3) colored geometric shapes featured in the top left corner of the packaging; and (4) a prominent display of the toy set product in the middle of the packaging. This overall packaging appearance is referred to as "MVW's Trade Dress," and is shown below:







14. MVW's Trade Dress is inherently distinctive. In addition, and in the alternative, MVW's Trade Dress has acquired distinctiveness and secondary meaning through MVW's long, continuous, and exclusive use and extensive promotion. MVW owns common law rights in MVW's Trade Dress as unregistered trade dress under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). MVW's Trade Dress, as protected without registration, is referred to as the "MVW Unregistered Trade Dress."

15. MVW also owns federal registrations covering features of MVW's Trade Dress.

These registrations are valid and presumptively enforceable, and are referred to as the "MVW Registered Trade Dress":

- Design Mark (Reg. No. 7388079, referred to as "the '079 Design Mark") (Exhibit A) in Class 28 for "[c]onstruction toys incorporating magnets; Manipulative puzzles; Toy building blocks; Toy cars; Toy construction blocks; Toy vehicle tracks; Toy vehicles." The mark "consists of a three-dimensional configuration of a box featuring a solid vertical band on the right and a collection of multiple overlapping triangles in the upper left hand corner extending horizontally along the top and vertically down along the left side;"



- Design Mark (Reg. No. 7387098, referred to as "the '098 Design Mark") (Exhibit B) in Class 28 for "Construction toys incorporating magnets; Manipulative puzzles; Toy building blocks; Toy cars; Toy construction blocks; Toy vehicle tracks; Toy vehicles." The mark "consists of triangles and squares along the left side and top of the paper."



16. MVW's Trade Dress is protected both as the MVW Unregistered Trade Dress and,

as to the registered features, as the MVW Registered Trade Dress.

17. The packaging designs featuring MVW's Trade Dress have been used in commerce since at least March 2014.

18. MVW's Trade Dress has been in advertisements, on store shelves, and listed on all online purchasing platforms since at least March 2014.

19. MVW's Trademarks and MVW's Trade Dress are collectively referred to as "MVW's Intellectual Property."

20. MVW's Intellectual Property have become widely recognized and have garnered tremendous goodwill with the public and consumers throughout the United States.

21. MVW has spent, and continues to invest, a substantial amount of time, resources, and money in protecting, advertising, and promoting MVW's Trade Dress in the United States and throughout the world.

22. Since its founding in 1997, MVW has become a worldwide enterprise and has spent an extraordinary amount of time, resources, and money to advertise and promote MVW's Intellectual Property.

23. Between 2014 and 2024, MVW spent over Thirty Million Dollars ($30,000,000.00) in advertising its children's toy sets and education toys bearing MVW's Trade Dress.

24. As a result of MVW's significant investment and efforts, MVW's Trade Dress has acquired distinctiveness and goodwill in the United States and throughout the world.

25. MVW's Trade Dress branded toy sets and toys are enjoyed by hundreds of thousands of children each year.

26. Between 2010 and 2024, MVW generated over Four Hundred Fifty-Six Million Dollars ($456,000,000) in revenues (Point of Sale) from U.S.-based sales of its toy sets featuring

MVW's Trade Dress.

27. During 2023-2024, MVW generated over One Hundred Fifty Million Dollars ($150,000,000) in revenues (Point of Sale) from U.S.-based sales of its toy sets featuring MVW's Trade Dress.

28. From 2017 through 2024, MVW sold over 10.7 million units of its toy sets featuring MVW's Trade Dress.

**Defendant's Infringement**

29. Brave Toys manufactures, imports, offers for sale, and sells in the United States magnetic toy sets under the CONNETIX® brand. This action concerns the packaging in which Brave Toys sells certain of those sets. The packaging that bears the combination of elements comprising MVW's Trade Dress is referred to as the "Infringing Packaging." The products that Brave Toys offers or sells in the Infringing Packaging are referred to as the "Infringing Products," and include the CONNETIX Ball Run Launcher Pack (47 pieces), the CONNETIX Ball Run Galaxy Pack (61 pieces), and any other products that Brave Toys offers or sells in the Infringing Packaging.

30. Upon information and belief, Defendant sells the Infringing Products in either a box with artwork on the box itself or a box covered by an outer sleeve. The box with artwork or the box with the outer sleeve is the Infringing Packaging, and it bears the same combination of elements that comprises MVW's Trade Dress, namely: (1) a solid-colored vertical band running down the right side of the packaging; (2) a white background; (3) colored geometric shapes featured in the top left corner of the packaging; and (4) a prominent display of the product in the middle of the packaging, as shown below:







*CONNETIX Ball Run Launcher Pack (47 pieces) (left) and CONNETIX Ball Run Galaxy Pack (61 pieces) (right).*

31. The Infringing Products convey the same overall commercial impression as MVW's Trade Dress.

32. The substantial similarity is further apparent when MVW's packaging is compared directly to the packaging of the Infringing Products, as shown below:












*MVW MAGNA-TILES® packaging (left) compared to CONNETIX Ball Run packaging (right).*

33. MVW's trade dress claims in this action concern the Infringing Packaging, not the magnetic sets as products.

34. Brave Toys offers for sale, sells, imports, and distributes the Infringing Products throughout the United States, including in Illinois and in this Judicial District. Brave Toys sells the Infringing Products through Target retail stores in Illinois, through the Amazon online marketplace, and through its own website at connetixtiles.com.

35. MVW's toy sets and the Infringing Products are marketed and sold to the same classes of ordinary consumers, through overlapping channels of trade, and are encountered by consumers in the same or similar retail and online environments.

36. MVW has used MVW's Trade Dress continuously and prominently in United States commerce since at least March 2014, long before Brave Toys adopted the packaging used on the Infringing Products. On information and belief, Brave Toys had knowledge of and access to MVW's Trade Dress before adopting that packaging.

37. Consumers encountering the Infringing Products bearing packaging confusingly

similar to MVW's Trade Dress are likely to believe, incorrectly, that the Infringing Products originate from, or are affiliated, connected, or associated with, MVW.

38. Even if consumers later identify the Infringing Products as originating from Brave Toys, they are likely to mistakenly believe that the Infringing Products are affiliated with, sponsored by, or otherwise associated with MVW.

39. Brave Toys' use of packaging confusingly similar to MVW's Trade Dress has caused, and is likely to continue to cause, confusion among the purchasing public.

40. On information and belief, Brave Toys adopted and continues to use the packaging for the Infringing Products with the intent to create a false association with MVW and to trade on the goodwill associated with MVW's Trade Dress.

41. MVW has placed Brave Toys on notice of MVW's Trade Dress and of the infringing nature of the Infringing Products, including through this Complaint. To the extent Brave Toys continues to use the Infringing Packaging after such notice, that continued use is knowing and deliberate.

42. Brave Toys markets and sells numerous other products under the CONNETIX brand whose packaging does not use the combination of elements that comprises MVW's Trade Dress. Brave Toys used that combination for the Infringing Products but not for its other products. This selective use shows that Brave Toys deliberately copied MVW's Trade Dress to trade on MVW's goodwill and reputation.

43. Brave Toys' adoption of packaging that copies MVW's Trade Dress was intentional and calculated to trade on MVW's goodwill.

44. Brave Toys is liable for its conduct because it intentionally adopted packaging that copies MVW's Trade Dress, and its use of that packaging is likely to cause consumer confusion

and to damage MVW.

45. MVW has been and continues to be damaged by Brave Toys' sale of products in the Infringing Packaging, and will continue to be damaged until Brave Toys stops selling products in the Infringing Packaging. Under 15 U.S.C. § 1117, MVW is entitled to recover Brave Toys' profits from the sale of products in the Infringing Packaging, MVW's damages, and the costs of this action.

**COUNT I**
**Trade Dress Infringement**
**Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

46. MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-45 above, as if fully set forth herein.

47. MVW's products bear MVW's Unregistered Trade Dress, which consists of the following combination of elements, taken together as a whole: (1) a solid-colored vertical band running down the right side of the packaging; (2) a white background; (3) colored geometric shapes featured in the top left corner of the packaging; and (4) a prominent display of the toy set product in the middle of the packaging.

48. MVW's Unregistered Trade Dress is non-functional. The combination of elements comprising MVW's Unregistered Trade Dress is arbitrary and ornamental, is not essential to the use or purpose of the goods, does not affect the cost or quality of the goods, and is not dictated by function. Numerous alternative packaging designs are available to competitors that do not employ MVW's Unregistered Trade Dress.

49. MVW's Unregistered Trade Dress is inherently distinctive and, in addition or in the alternative, has acquired distinctiveness and secondary meaning. Consumers encountering products bearing this distinctive trade dress identify the product as originating from MVW.

50. The goodwill associated with the trade dress is evidenced by MVW's substantial sales of products bearing MVW's Unregistered Trade Dress.

51. Upon information and belief, Defendant intentionally copied the trade dress with the intention of causing confusion by creating the impression that the products originate from the same source or are endorsed, approved, or licensed by MVW.

52. Defendant's use of packaging that is the same and/or confusingly similar to MVW's trade dress, constitutes a further false designation of origin and/or false or misleading description or representations of fact, has and is likely to continue to cause confusion, mistake, or deceive as to the affiliation, connection, or association with MVW, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities by MVW in violation of 15 U.S.C. § 1125(a).

53. As a direct and proximate result of Defendant's unauthorized use of MVW's Unregistered Trade Dress, MVW has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

54. As a result of Defendant's intentional and unauthorized use of MVW's Unregistered Trade Dress, MVW is entitled to injunctive relief.

55. As a direct and proximate result of Defendant's intentional and unauthorized use of MVW's Unregistered Trade Dress, MVW has been compelled to retain counsel to enforce its trade dress rights and prosecute this action, for which MVW should recover attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

**COUNT II**
**Federal Unfair Competition**
**Under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

56. MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-55 above, as if fully set forth herein.

57. Defendant's use of its packaging for its CONNETIX products in commerce that are the same or confusingly similar to MVW's Registered Trade Dress constitutes a false designation of origin and/or false or misleading description or representation of fact.

58. Defendant's misleading representations have and will continue to cause confusion, mistake, or deceit as to the affiliation, connection, or association with MVW, or as to the origin, sponsorship or approval of Defendant's goods.

59. Defendant has caused and will continue to cause its false and misleading representations of fact to enter interstate commerce.

60. Upon information and belief, Defendant's use of the Infringing Packaging in commerce, with knowledge that MVW owns, has used, and continues to use its trade dress, constitutes intentional and willful conduct by Defendant to make false designations of origin and false descriptions about Defendant's goods, services, and commercial activities, in violation of 15 U.S.C. § 1125(a).

61. As a result of Defendant's misleading representations, MVW has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

62. As a direct and proximate result of Defendant's intentional and unauthorized use of the Infringing Packaging, MVW is entitled to injunctive relief.

63. As a direct and proximate result of Defendant's intentional and unauthorized use of

the Infringing Packaging, MVW has been compelled to retain counsel to enforce its trade dress rights and prosecute this action, for which MVW should recovery attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

**COUNT III**
**Common Law Trade Dress Infringement**

64. MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-63 above, as if fully set forth herein.

65. MVW owns all rights, title, and interest in and to MVW's Unregistered Trade Dress, including but not limited to all common law rights by virtue of having used and continuing to use MVW's Unregistered Trade Dress.

66. Defendant's unauthorized use of packaging that is confusingly similar to MVW's Unregistered Trade Dress, infringes upon MVW's common law rights and is likely to cause confusion, mistake, or deception among consumers, who will believe that Defendant's goods originate from, are affiliated with, or are endorsed by MVW, when in fact, they are not.

67. The aforementioned acts of Defendant constitute trade dress infringement in violation of the common law of the State of Illinois.

68. As a direct and proximate result of Defendant's intentional and unauthorized infringement of MVW's common law trade dress rights, MVW has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

69. As a result of Defendant's intentional and unauthorized infringement, MVW has been damaged and is entitled to damages in an amount to be proven at trial.

70. As a result of Defendant's intentional and unauthorized ongoing infringement, MVW is entitled to injunctive relief.

71. As a direct and proximate result of Defendant's intentional and unauthorized infringement, MVW has been compelled to retain counsel to enforce its trade dress rights and prosecute this action, for which MVW should recover attorneys' fees and costs.

**COUNT IV**
**Illinois Unfair Competition**
**Under the Uniform Deceptive Trade Practices Act 815 ILCS 510/2**

72. MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-71 above, as if fully set forth herein.

73. Defendant's unauthorized use of MVW's Trade Dress violates the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

74. Defendant's use of similar packaging has caused and will continue to cause a confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services, or confusion or misunderstanding as to affiliation, connection, or association with or certification by MVW.

75. Defendant's willful infringement of MVW's Trade Dress intended to cause, and did cause, consumers to rely on the misrepresentation.

76. Upon information and belief, Brave Toys sells its products through the same or overlapping channels of trade, and to the same classes of consumers, as MVW, causing consumer deception as to the origin of the goods.

77. As a result of Defendant's unfair competition, MVW has suffered and will continue to suffer monetary and irreparable injury in the form of business, reputation, and goodwill.

78. As a direct and proximate result of Defendant's intentional use of confusingly similar packaging, MVW is entitled to injunctive relief under 815 ILCS 510/3.

79. MVW should be awarded costs and attorney fees under 815 ILCS 510/3, for

Defendant's willful deception in trade practices.

**COUNT V**
**Illinois Unfair Competition**
**Under the Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/2**

80. MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-79 above, as if fully set forth herein.

81. Defendant has engaged in unfair methods of competition and unfair or deceptive acts or practices under 815 ILCS 505/2.

82. Defendant's unauthorized and willful use of confusingly similar packages in the selling, promotion, advertising, distribution and/or offering for sale, of its goods constitutes unfair competition and deception.

83. Defendant's intentional copying or imitation of MVW's Trade Dress has caused and will continue to cause consumer confusion and deception as to the affiliation, connection or association of Defendant's goods with MVW's, and the origin, sponsorship, or approval of Defendant's use by MVW.

84. Upon information and belief, Defendant willfully and intentionally used confusingly similar packaging in commerce to deceive consumers as to the source, origin, or sponsorship of its goods.

85. As a result of Defendant's intentional misuse of MVW's Trade Dress, MVW has suffered monetary and irreparable harm to its business, reputation, and goodwill.

86. As a direct and proximate result of Defendant's willful infringement and deceptive trade practice, MVW is entitled to economic damages, injunctive relief, attorneys' fees and costs, any other relief the court deems proper, pursuant to 815 ILCS 505/10a.

**COUNT VI**
**Federal Trade Dress Infringement**
**Under Section 32 of the Lanham Act, 15 U.S.C. § 1114**

87. MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-86 above, as if fully set forth herein.

88. MVW exclusively owns the '079 Design Mark.

89. MVW has and is continuing to use the '079 Design Mark in interstate commerce in connection with Class 28 specifically listed products: Construction toys incorporating magnets, namely toy building blocks.

90. Defendant is using packaging that is confusingly similar to MVW's '079 Design Mark.

91. Defendant's use of MVW's '079 Design Mark on the Infringing Products constitutes a copying, or colorable imitation of MVW's '079 Design Mark.

92. Defendant is using MVW's '079 Design Mark in connection with the sale, or advertising of goods in a manner that has and is likely to continue to cause confusion or mistake, or to deceive customers as to an affiliation, connection, or association with MVW.

93. Upon information and belief, MVW alleges, that Defendant has acted in bad faith and/or willfully in adopting confusingly similar variations of the '079 Design Mark including use of the same square three-dimensional configuration of a box featuring a solid vertical band on the right and a collection of multiple shapes in the upper left-hand corner.

94. Defendant's unauthorized use of confusingly similar variations of the '079 Design Mark constitutes trade dress infringement in violation of 15 U.S.C. § 1114.

95. Defendant's infringement of MVW's '079 Design Mark has caused and will continue to cause MVW to suffer irreparable injuries to its goodwill and customer reputation, in

addition to monetary damages.

96. As a result of Defendant's willful and unauthorized use of the MVW's '079 Design Mark, MVW is entitled to injunctive relief.

97. As a direct and proximate result of Defendant's infringement, MVW has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

98. As a result of Defendant's intentional and unauthorized use of the MVW's '079 Design Mark, MVW has been compelled to retain counsel to enforce its trade dress rights and prosecute this action, for which MVW should recover attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

**COUNT VII**
**Federal Trade Dress Infringement**
**Under Section 32 of the Lanham Act, 15 U.S.C. § 1114**

99. MVW hereby adopts and realleges by reference the allegations contained in paragraphs 1-98 above, as if fully set forth herein.

100. MVW exclusively owns the '098 Design Mark.

101. MVW has and is continuing to use the '098 Design Mark in interstate commerce in connection with Class 28 specifically listed products: Construction toys incorporating magnets, namely toy building blocks.

102. Defendant is using packaging that is confusingly similar to MVW's '098 Design Mark.

103. Defendant's use of the MVW's '098 Design Mark constitutes a copying, or colorable imitation of MVW's '098 Design Mark.

104. Defendant is using the MVW's '098 Design Mark in connection with the sale, or

advertising of goods in a manner that is likely to cause confusion or mistake, or to deceive customers as to an affiliation, connection, or association with MVW.

105. Upon information and belief, Defendant's unauthorized use of variations of the '098 Design Mark has and will likely continue to cause confusion, mistake, or deception in the relevant consumer market.

106. Upon information and belief, MVW alleges, that Defendant has acted in bad faith and/or willfully in adopting confusingly similar variations of the '098 Design Mark including use of the same square shapes in the same or similar upper left side of the paper.

107. Defendant's unauthorized use of confusingly similar variations of the '098 Design Mark constitutes trade dress infringement in violation of 15 U.S.C. § 1114.

108. Defendant's infringement of the '098 Design Mark has caused and will continue to cause MVW to suffer irreparable injuries to its goodwill and customer reputation, in addition to monetary damages.

109. As a result of Defendant's willful and unauthorized use of MVW's '098 Design Mark, MVW is entitled to injunctive relief.

110. As a direct and proximate result of Defendant's infringement, MVW has suffered, and will continue to suffer, monetary damages and irreparable injury to its business, reputation, and goodwill.

111. As a result of Defendant's intentional and unauthorized use of MVW's '098 Design Mark, MVW has been compelled to retain counsel to enforce its trade dress rights and prosecute this action, for which MVW should recover attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

Accordingly, MVW prays that this Court enter a judgment in its favor and against Defendant as follows:

A. That the Court enter judgment in favor of MVW and against Defendant on all claims for relief alleged herein.

B. For an injunction immediately restraining Defendant, its officers, agents, servants, employees, licensees, attorneys and all other persons in active concert or participation with any of them who receive actual notice of the injunction by personal service or otherwise, from:

   1) manufacturing, selling, or distributing products bearing MVW's Trade Dress or anything confusingly similar thereto;

   2) advertising or promoting products bearing MVW's Trade Dress or anything confusingly similar thereto; and

   3) from holding out in any manner whatsoever that Defendant or Defendant's products are in any way sponsored by, endorsed by, connected to, associated with, affiliated with, or licensed by MVW or MVW's products.

C. That Defendant be required to make all reasonable efforts to recall from its customers, and those in its network of distributors, all of the products Defendant has sold bearing MVW's Trade Dress which have not yet been sold to end consumers.

D. That Defendant be directed to deliver up and/or destroy all products and materials of any nature whatsoever bearing MVW's Trade Dress or anything confusingly similar thereto, including but not limited to products, packaging, or prints, advertising materials, promotional materials, brochures, photographs, packaging materials, etc., and/or any other

materials bearing MVW's Trade Dress or anything confusingly similar thereto, pursuant to 15 U.S.C. §1118.

E. That Defendant be required to make an accounting to MVW and be directed to pay over to MVW all gains, profits and advantages realized by Defendant from the sale and distribution of products bearing MVW's Trade Dress pursuant to 15 U.S.C. §1117.

F. That Defendant be directed to pay to MVW all damages with prejudgment interest suffered by MVW, and that such damages be trebled in accordance with the law pursuant to 15 U.S.C. §1117.

G. That Defendant be directed to pay to MVW's reasonable attorney's fees and all costs connected with this action pursuant to 15 U.S.C. §1117.

H. That MVW have such other and further relief that the Court may deem just and proper.

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury for each and every issue so permitted by law and statute.

Respectfully submitted,

Dated: August 27, 2026

By: *<u>/s/ Joseph W. Barber</u>*

Joseph W. Barber (ARDC #6295828)
Kristopher K. Hulliberger
*pro hac vice forthcoming*
HOWARD & HOWARD ATTORNEYS PLLC
450 West Fourth Street
Royal Oak, Michigan 48067
T: (248) 723-0456
F: (248) 645-1568
jwb@h2law.com
kkh@h2law.com

Attorneys for Plaintiff